UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.: 6:17-cv-03416-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Perry, *Investigator*; and | ) | |
| James P. Walsh, *Lawyer*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice.[1] *See* ECF Nos. 13 & 15.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### Discussion[2]

Plaintiff, presently detained at the Greenville County Detention Center on state charges,[3] has filed a § 1983 complaint against Defendant Robert Perry, who is a police investigator involved in Plaintiff's ongoing state criminal case, and Defendant James Walsh, who is an attorney defending Perry in another § 1983 case filed by Plaintiff in this Court, *see Workman v. Perry*, No. 6:17-cv-02136-RBH (D.S.C.) ("the Related Case"). *See* ECF No. 1. Plaintiff's allegations relate in part to an affidavit given by Defendant Perry in support of a motion for summary judgment in the Related Case; Plaintiff alleges Defendant Perry gave "false, and misleading, incomplete testimony" in that affidavit.[4] *See* ECF No. 1 at pp. 5, 7–9. The Magistrate Judge has reviewed Plaintiff's complaint and recommends summarily

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *See Workman v. Dir. of Greenville Cty. Det. Ctr.*, No. 6:17-cv-03046-RBH-KFM, 2017 WL 8785509, at *2 (D.S.C. Dec. 6, 2017) (summarizing Plaintiff's five pending state charges), *adopted by*, 2018 WL 1730948 (D.S.C. Apr. 10, 2018). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[4] In the Related Case, Defendant Walsh filed a motion for summary judgment on behalf of Defendant Perry; an affidavit given by Defendant Perry was one of the exhibits. *See Workman v. Perry*, No. 6:17-cv-02136-RBH, at ECF Nos. 29 & 29-1 (D.S.C.). The Magistrate Judge has entered an R & R recommending granting Defendant Perry's motion for summary judgment. *See id.* at ECF No. 65.

dismissing this action because (1) Plaintiff cannot maintain a civil action for perjury, (2) no diversity jurisdiction exists for any libel or slander claims, and (3) Plaintiff has failed to state a viable due process claim. *See* R & R at pp. 2–3. Furthermore, the Magistrate Judge recommends declining to automatically give Plaintiff leave to amend because amendment would not cure the defects in his complaint. *See id.* at p. 3. Plaintiff objects to the Magistrate Judge's recommendations. *See* Pl.'s Objs. [ECF No. 15].

First, Plaintiff appears to argue his claim for perjury is actually a claim for civil contempt. *See* Pl.'s Objs. at p. 1. However, "[t]here is no such thing as an independent cause of action for civil contempt," *Finn v. Schiller*, 72 F.3d 1182, 1188 (4th Cir. 1996) (quoting *Blalock v. United States*, 844 F.2d 1546, 1550 (11th Cir. 1988)). Rather, "civil contempt is a device used to coerce compliance with an in personam order of the court which has been entered in a pending case." *Blalock*, 844 F.2d at 1550 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949), and *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441–42 (1911)). Accordingly, Plaintiff cannot maintain a claim for civil contempt.

Plaintiff next contends he has stated a due process claim by asserting Defendants "alter[ed] [the] NCIC[5] sheet" relating to Plaintiff's prior convictions.[6] *See* Pl.'s Objs. at p. 2. However, as the Magistrate Judge explains, Plaintiff is essentially attacking statements made by Defendant Perry in the context of Plaintiff's ongoing state criminal prosecution, and Plaintiff's dispute with such statements

---

[5] NCIC is an abbreviation for the National Crime Information Center, which "is a computerized index of criminal justice information available to, and updated by, federal, state, and local law enforcement agents." *United States v. McDowell*, 745 F.3d 115, 118 (4th Cir. 2014).

[6] Similarly, in his complaint, Plaintiff alleges "Officer Perry and James Walsh altered the NCIC sheet [and] violated my 14th amendment right." ECF No. 1 at p. 8. Plaintiff appears to be referring to a police report (prepared by Defendant Perry) that discusses the basis for charging Plaintiff. *See id.* (citing *Workman v. Perry*, No. 6:17-cv-02136-RBH, at ECF No. 29-1 at p. 30 (D.S.C.)).

3

does not implicate due process concerns here. *See* R & R at p. 3.

Plaintiff further asserts that "not anywhere did I say libel and slander" in his complaint, and instead seeks to bring a "1st amendment retaliation claim" based on Defendants' filing a "false and altered misleading incomplete report on court document in a civil action." *See* Pl.'s Objs. at p. 2. To the extent Plaintiff claims Defendants violated his First Amendment rights by making filings in the Related Case (such as Defendant Perry's affidavit), such an allegation does not state a First Amendment retaliation claim. *See generally Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (listing the elements of a § 1983 First Amendment retaliation claim).[7]

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court should decline to automatically give Plaintiff leave to amend. *See* Pl.'s Objs. at p. 2. However, the Court agrees with the Magistrate Judge that Plaintiff cannot cure the defects in his complaint by mere amendment. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066 (4th Cir. 1993). The Court therefore declines to automatically give Plaintiff leave to amend and will dismiss this action instead.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No. 13], and **DISMISSES** this action *without prejudice and without issuance and service of process*.

---

[7] Although not discussed by the Magistrate Judge, the Court notes "witness absolute immunity applies to testimony given in a judicial proceeding." *Brice v. Nkaru*, 220 F.3d 233, 239 n.6 (4th Cir. 2000); *see also Chapman v. Hurley*, No. 6:17-cv-01072-TMC-KFM, 2017 WL 9289391, at *2 (D.S.C. May 5, 2017), *adopted by*, 2018 WL 459412 (D.S.C. Jan. 18, 2018) ("[An] absolute privilege exists as to any utterance arising out of the judicial proceeding and having any reasonable relation to it, including preliminary steps leading to judicial action of any official nature provided those steps bear reasonable relation to it. The preliminary steps leading up to a formal judicial proceeding can include pleadings, letters between counsel in litigation, depositions, briefs[,] *or informal affidavits sworn before someone other than an officer of the court*." (alteration in original, internal citations omitted, and emphasis added)). Thus, the statements made in Defendant Perry's affidavit are privileged because they were made in the Related Case and are reasonably related to it.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 1, 2018  R. Bryan Harwell
United States District Judge